UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELITO C MERCADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03610-TWP-DLP |
| | ) | |
| MICHAEL PERSON Dr., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

### I. SCREENING COMPLAINT

**A. Screening Standard**

Plaintiff Angelito Mercado is a prisoner currently incarcerated at Bartholomew County Jail. Because Mercado is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

**B.     The Complaint**

In his complaint, Mercado sues Dr. Michael Person ("Dr. Person") for deliberate indifference to his serious medical needs, racial discrimination, and intentional infliction of emotional distress. Dkt. 1-1. Mercado alleges that on September 26, 2018, because he had missed his dose in the morning for the second time in 6 months, Dr. Person took away his Thorazine medication. Thorazine is an anti-psychotic medication for mental health treatment. Mercado alleges that other inmates of a different race have been allowed to miss their medication numerous times without loss of their medication. Mercado requests $25,000 and other monetary damages.

**C.     Discussion of Claims**

Mercado's allegations support a reasonable inference that Dr. Person was deliberately indifferent to Mercado's serious mental health needs. Accordingly, this action **shall proceed** with claims pursuant to 42 U.S.C. § 1983 that Dr. Person was deliberately indifferent to Mercado's serious medical needs in violation of the Fourteenth Amendment.[1] His state law claim of intentional infliction of emotion distress against Dr. Person **shall also proceed**.

His Fourteenth Amendment[2] Equal Protection claim against Dr. Person is **dismissed for failure to state a claim upon which relief can be granted** because no facts are alleged that would support his claims that he has been discriminated against based on his race.

---

[1] Mercado is currently a pretrial detainee and not a convicted prisoner. This is relevant because Mercado's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, __ U.S. __, 135 S.Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). The Seventh Circuit recently clarified that a pretrial detainee's medical care claim is subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Miranda v. County of Lake*, No. 17-1603, 2018 U.S. App. LEXIS 22229, at *30 (7th Cir. Aug. 10, 2018).

[2] Mercado alleges a claim of "racial discrimination." Dkt. 1-1 at 2. The Court construes this as an equal protection claim under the Fourteenth Amendment.

## II. DIRECTING RESPONSE

Dr. Person has **until December 14, 2018**, to file an Answer or other responsive pleading to the complaint.

## III. SUMMARY OF CLAIMS AND ACTIONS TAKEN

The claims remaining in this case are Mercado's:

- Fourteenth Amendment deliberately indifference claim against Dr. Person; and

- Indiana state law claim of intentional infliction of emotional distress against Dr. Person.

The Court has additionally taken or directed the following actions:

(1) Mercado's claim of racial discrimination is dismissed for failure to state a claim upon which relief can be granted; and

(2) Dr. Person has **until December 14, 2018**, to file an Answer or other responsive pleading to the complaint.

**SO ORDERED.**

Date: 11/27/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANGELITO C MERCADO
933594
c/o Bartholomew County Jail
543 2nd St
Columbus, IN 47201

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com